[Cite as *White Stag Aircraft Leasing U.S. v. JP Morgan Chase Bank, N.A.*, 2021-Ohio-1245.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

WHITE STAG AIRCRAFT LEASING
U.S. LLC,

Plaintiff-Appellant,

v.

JP MORGAN CHASE BANK, N.A.,

Defendant-Appellee.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 20 MA 0018**

---

Civil Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2016 CV 319

**BEFORE:**
Carol Ann Robb, Cheryl L.Waite, Judges and Thomas R. Wright,
Judge of the Eleventh District Court of Appeals, Sitting by Assignment.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Brian Kopp*, *Atty. Justin Markota*, Betras Kopp & Harshman, LLC, 6630 Seville Drive, Canfield, Ohio 44406 for Plaintiff-Appellant and

*Atty. William Falin*, The Hanna Building, 1422 Euclid Avenue, Suite 630, Cleveland, Ohio 44115 for Defendant-Appellee.

Dated:  March 31, 2021

_____

**Robb, J.**

{¶1}    Plaintiff-Appellant White Stag Aircraft Leasing U.S. LLC appeals the decision of the Mahoning County Common Pleas Court granting the Civ.R. 60(B) motion for relief from default judgment filed by Defendant-Appellee JP Morgan Chase Bank, N.A. Appellant alleges the trial court arbitrarily granted the bank's motion where a prior judge denied the same motion.  This court dismissed the appeal from the prior judge's denial order as it was not final since damages were pending; we noted the bank's motion seeking relief from judgment was actually a motion for reconsideration of an interlocutory order.  After the decision on damages was issued, the bank refiled its motion for relief from judgment, which the new trial judge granted.

{¶2}    Appellant initially argues the grant of relief from default judgment violated the law of the case doctrine.  Alternatively, Appellant contends the bank's failure to answer the complaint was not excusable neglect under Civ.R. 60(B)(1).  For the following reasons, the trial court's judgment is affirmed.

<u>STATEMENT OF THE CASE</u>

{¶3}    In 2014, Appellant leased a plane to Zagrosjet Company Ltd.  The bank provided a letter of credit to Appellant for $150,000 to secure the lease in case the lessee defaulted.  Appellant claims the bank was notified of the lessee's default prior to the August 29, 2014 expiration of the letter of credit.

{¶4}    On January 29, 2016, Appellant filed a complaint against the bank due to its failure to pay the amount secured by the letter of credit.  The summons on the complaint was sent to the bank on February 9, 2016 via certified mail with successful service returned a week later.

{¶5}    On April 26, 2016, Appellant filed a motion for default judgment against the bank as no answer had been filed.  On June 6, 2016, the court granted default judgment against the bank and set the case for a damages hearing.  The clerk sent notice of default judgment to the bank by ordinary mail on June 9, 2016.

<u>Case No. 20 MA 0018</u>

**{¶6}** On June 28, 2016, the bank filed a motion for relief from judgment under Civ.R. 60(B)(1) and sought leave to file an answer instanter. The bank noted the timeliness of the motion and alleged it had several meritorious defenses. The bank pointed to the one-year statute of limitations for a letter of credit in R.C. 1305.14 and the requirement in R.C. 1305.07(A) that an issuer shall dishonor the presentation of a letter of credit which does not appear on its face to strictly comply with the terms and conditions of the letter of credit. The bank compared the terms of the letter of credit to the demand letter attached to the complaint and concluded the demand letter did not strictly comply with the terms of the letter of credit. There was also an allegation the demand letter was not received or it was not received before the deadline and was not accompanied by the original letter of credit.

**{¶7}** On the topic of excusable neglect, the bank presented the affidavit of a document review specialist from the bank's Legal Papers Served Department. He reviewed the corporate procedure for ensuring a complaint would be answered after service on the bank's statutory agent. He then provided the following explanation as to how the procedure failed as a result of his mistake.

**{¶8}** The document reviewer received the complaint from the statutory agent and read it to determine which section of the bank's Office of General Counsel would be responsible for assigning outside counsel to file an answer. On February 22, 2016, the document reviewer sent the complaint to an attorney with the Business Banking section, where it would be reviewed to ensure the appropriateness of the assigned section. The next day, that attorney followed established procedure to reject the assignment with instructions for the document reviewer to redirect the case to an attorney in the Corporate and Investment Banking section of the Office of General Counsel.

**{¶9}** On March 7, 2016, an employee in the Litigation Business Management Department (which monitors the assignment system to ensure successful assignment by the Legal Papers Served Department) noticed the case was still reported as "open" in the system and called the attorney originally assigned. The originally assigned attorney

reported the case was being sent to the Corporate and Investment Banking section by the document reviewer.[1]

**{¶10}** The document reviewer made an entry in the system marking the assignment status of the case as "closed" in the case assignment system (rather than forwarding it to the other section of the Office of General Counsel). He attested that he mistakenly thought the original attorney accepted the case. The affiant said that upon the subsequent receipt of the default judgment, the case was immediately assigned to the outside attorney, who filed the motion for leave to file an answer instanter and for relief from judgment.

**{¶11}** The bank's motion to vacate the default judgment concluded that the affidavit of its document reviewer demonstrated a mistake in the execution of the corporate assignment of legal papers that constituted excusable neglect. Appellant obtained an extension of time to respond to the bank's motion for relief from judgment. As a result, the damages hearing set for August 2, 2016 was continued.

**{¶12}** Appellant's response did not contest the timeliness of the bank's motion or the bank's presentation of operative facts indicating a meritorious defense if relief was granted; instead, Appellant argued the bank's neglect was not excusable. Appellant said the employee who noticed the case was still reported to be open in the assignment system on March 7, 2016 should have remedied the lack of assignment instead of sending the matter back to the document reviewer. The bank filed a reply on September 8, 2016 (requesting leave to file instanter because the court canceled the oral argument scheduled on the bank's motion).

**{¶13}** On September 9, 2016, the trial court overruled the bank's motion and denied relief from judgment, finding the bank failed to show excusable neglect. The bank appealed.

**{¶14}** However, this court granted a motion to dismiss the bank's appeal for lack of a final appealable order. *White Stag Aircraft Leasing U.S. LLC v. JP Morgan Chase*

---

[1] A footnote in Appellant's brief on appeal says the attorney's statement to the Litigation Business Management employee (that the case was being reassigned) should not be considered because he did not submit his own affidavit. Appellant did not argue this to the trial court. And, there is no argument that would affect the portion the document reviewer's affidavit explaining the corporate procedure, his own actions, the instructions he received, or his mistakes.

*Bank, N.A*, 7th Dist. Mahoning No. 16 MA 0154 (1/25/17 J.E.). We concluded: the case remained in an interlocutory stage with damages still to be determined; the entry of default judgment with a damages hearing pending was not a final judgment; a Civ.R. 60(B) motion may only be directed to final judgments; and the motion was actually a motion to reconsider an interlocutory order which is not appealable. *Id.*

**{¶15}** After the appeal was dismissed, the case was set for hearing by a magistrate but was continued multiple times. In the meantime, a new trial judge took the bench in that courtroom.

**{¶16}** On December 17, 2019, the trial court held the damages hearing and issued judgment on damages in the amount of $150,000.

**{¶17}** On December 30, 2019, the bank filed a motion for relief from judgment (and requested leave to file an answer instanter). The motion contained a joint notice signed by counsel for both parties which stated the parties were re-submitting and attaching their memoranda previously filed on the bank's June 28, 2016 motion.

**{¶18}** On January 9, 2020, the trial court granted the bank's motion for relief from judgment under Civ.R. 60(B)(1), thereby vacating the default judgment. The court also granted leave to file the answer instanter.

**{¶19}** In granting relief from judgment, the court first indicated the motion was timely filed within a reasonable time and not more than one year from the final judgment as required by the rule. Next, the court said the bank set forth a potential meritorious defense as the bank claimed the presentation of the letter of credit for payment before its expiration did not strictly comply with the terms on the face of the letter of credit. The court also said the bank wished to prove it did not receive the demand letter at all or by the deadline and the original letter of credit was not attached to the demand.

**{¶20}** Lastly, the trial court found excusable neglect under Civ.R. 60(B)(1). The court pointed to the affidavit detailing the corporate procedure and the affiant's statement that the procedure was initially followed until he inadvertently closed the assignment file. The court concluded the internal corporate error was excusable neglect as there was a set procedure within the corporate structure for dealing with legal process and the procedure was inadvertently not followed until default judgment was entered against the corporation at which point the bank immediately retained outside counsel.

**{¶21}** Appellant filed the within timely appeal. Appellant presents two issues under a sole assignment of error.

ISSUE 1: LAW OF THE CASE

**{¶22}** Appellant's assignment of error and the first issue presented for review state as follows:

"The Trial Court Erred in Granting JP Morgan's Civ.R. 60(B) Motion For Relief from Judgment After the Matter was Remanded as a Result of JP Morgan's Premature Appeal."

"The Trial Court Acted Arbitrarily When It Reversed its Previous Ruling Which Denied JP Morgan's Civ.R. 60(B) Motion for Relief from Default Judgment As It Failed to Adhere to the Clearly Established Law of the Case."

**{¶23}** Appellant relies on the original trial judge's September 9, 2016 judgment denying the bank's first motion where the bank sought relief from judgment. This judge purported to deny Civ.R. 60(B)(1) relief by finding the bank failed to show excusable neglect and was not "unavoidably delayed or hindered in some way from responding as required by the civil rules. Rather, it appears that this is a matter of simple neglect on Defendant's part, without excuse." (9/9/16 J.E.) Appellant argues this ruling is the law of the case and the new trial judge was therefore prohibited from altering this decision after the premature appeal was dismissed.

**{¶24}** Under the law of the case doctrine, a trial court is without authority to extend or vary the mandate issued by a reviewing court, and if a trial court at a rehearing after remand is faced with substantially the same facts and issues as were involved in the prior appeal, then the court is bound to adhere to the reviewing court's determination of the applicable law. *Giancola v. Azem*, 153 Ohio St.3d 594, 2018-Ohio-1694, 109 N.E.3d 1194, ¶ 14, 16. The doctrine ensures consistency of results in a case, avoids endless litigation by settling the issues, and preserves the constitutional hierarchy of courts. *Id.* at ¶ 14.

**{¶25}** Here, the bank filed a motion seeking to vacate a default judgment, which was denied by the trial court. However, when the bank attempted to appeal, this court ruled the default judgment was not final because the damages hearing was still pending. *White Stag Aircraft Leasing*, 7th Dist. No. 2016 MA 0154. "As a general rule, even where

the issue of liability has been determined, but a factual adjudication of relief is unresolved, the finding of liability is not a final appealable order even if Rule 54(B) language was employed." *Noble v. Colwell*, 44 Ohio St.3d 92, 96, 540 N.E.2d 1381 (1989). Consequently, this court said the bank's motion was actually a motion for reconsideration of an interlocutory order because a Civ.R. 60(B) motion may only be directed to final judgments. *White Stag Aircraft Leasing*, 7th Dist. No. 2016 MA 0154.

**{¶26}** "[A] motion for reconsideration would be the proper procedural vehicle for obtaining relief after interlocutory orders." *Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378, 423 N.E.2d 1105 (1981), fn. 1. "Civ.R. 54(B) allows for a reconsideration or rehearing of interlocutory orders" that are not yet subject to appeal as it states that such orders are "subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." *Id.*, quoting Civ.R. 54(B). The denial of a motion to reconsider an interlocutory order is not appealable as it is interlocutory as well. *See State ex rel. Boddie v. Franklin Cty. 911 Admr.*, 135 Ohio St.3d 248, 2013-Ohio-401, 985 N.E.2d 1263, ¶ 2, citing *Brewer v. Hope Timber Pallet & Recycling*, 5th Dist. Licking No. 10-CA-76, 2011-Ohio-533, (order denying motion to reconsider interlocutory order denying summary judgment is not final and appealable).

**{¶27}** Although an interlocutory order is subject to a motion for reconsideration, a final order is not. *Pitts*, 67 Ohio St.2d 378 at fn. 1. To obtain relief from a final order, the rules provide a motion to vacate a judgment under Civ.R. 60(B). *Id.* at 380 (and a motion for new trial or JNOV where applicable). Civ.R. 60(B) specifically refers to the trial court's ability to grant relief "from a final judgment."

**{¶28}** As this court declared the trial court's September 9, 2016 order was not final, we said the bank's pre-damages motion for relief from judgment was not actually a Civ.R. 60(B) motion. *White Stag Aircraft Leasing*, 7th Dist. No. 2016 MA 0154.

**{¶29}** In citing the law of the case doctrine, Appellant emphasizes the fact that the bank appealed a decision of the trial court, and the case then proceeded in the trial court after our judgment on appeal. Nevertheless, the law of the case set forth *by this court* in the bank's appeal essentially labeled the bank's Civ.R. 60(B) motion premature. The denial of the bank's first motion could not be appealed as it was actually the denial of a motion to reconsider an interlocutory order.

{¶30} Our holding did not prohibit the bank from filing a Civ.R. 60(B) motion after the trial court rendered a final order on the default judgment. And, we did not issue a ruling on the propriety of the trial court's refusal to vacate the default judgment. In accordance, the trial court's January 9, 2020 decision granting the bank's Civ.R. 60(B) motion filed after the final judgment in the case was not restricted by our judgment dismissing the prior appeal, and the decision did not deviate from our judgment. (As the September 9, 2016 order was an interlocutory decision denying reconsideration of a default judgment, the trial court could have reconsidered it prior to entering final judgment on damages.)

{¶31} Appellant suggests that once the final judgment was rendered by entering a damage award, the trial court was prohibited from ruling on the same motion. Appellant claims a trial court must adhere to its own rulings in the case and acts arbitrarily by changing a ruling where there was no error (but merely a change of mind or a difference of opinion in two different judges acting on the same case). Appellant emphasizes the bank's reliance on the same evidence and allegations as the parties merely resubmitted the prior motion, affidavit, response, and reply.

{¶32} Appellant relies heavily on the statement: "The [law of the case] doctrine has been extended to encompass a lower court's adherence to its own prior rulings or to the rulings of another judge or court in the same case." *Poluse v. Youngstown*, 135 Ohio App.3d 720, 725, 735 N.E.2d 505 (7th Dist.1999) (but finding no issue with the trial court's reconsideration and stating there are circumstances allowing a trial court to reconsider a prior ruling), citing *Clymer v. Clymer*, 10th Dist. Franklin No. 95APF02–239 (Sept. 26, 1995). The *Poluse* case also involved one judge's reconsideration of a prior judge's interlocutory order; however, the case dealt with the denial and then the grant of summary judgment.

{¶33} The *Poluse* court: "*Regarding a summary judgment motion*, an order overruling such a motion is subject to revision by the trial court at any time prior to entry of final judgment, and the court may correct an error upon a motion for reconsideration predicated upon the same law and facts." (Emphasis added.) *Poluse*, 135 Ohio App.3d at 725. Appellant disregards the initial emphasized qualifier and believes this quote

Case No. 20 MA 0018

means the trial court could not change the September 9, 2016 judgment unless the bank pointed to *an error by the trial court* (as the bank did not cite new facts or law).

**{¶34}** *Poluse* is distinguishable from the case at hand because it specifically dealt with a summary judgment motion, which can only be granted as a matter of law (as there is only one correct ruling). In such a case, the legal issue is reviewed de novo on appeal, regardless of whether the trial court's final order was the court's first ruling on a motion or the court's reconsideration of a prior interlocutory order denying summary judgment. Distinguishably, the bank's motions here involved the trial court's exercise of discretion.

**{¶35}** It has been observed that even if a trial court should employ the law of the case doctrine and follow its own prior decisions, the doctrine and the trial court's decision would not bind the reviewing court. *See Lehrner v. Safeco Ins. Am. States Ins. Co.*, 171 Ohio App.3d 570, 2007-Ohio-795, 872 N.E.2d 295, ¶ 109 (2d Dist.), citing *Enterprises Inc. v. Kentucky Fried Chicken Corp.*, 47 Ohio St.2d 154, 162, 351 N.E.2d 121 (1976).

**{¶36}** In addressing the *Clymer* holding (cited in *Poluse*), the Ohio Supreme Court said the principle would not preclude a common pleas court from reconsidering an interlocutory order entered in the same case by a different common pleas court judge. *State ex rel. Dannaher v. Crawford*, 78 Ohio St.3d 391, 678 N.E.2d 549 (1997), quoting 18 Wright, Miller & Cooper, *Federal Practice & Procedure*, Section 4478, 794 (1981) ("A wide degree of freedom is often appropriate when the same question is presented to different judges of a single district court. * * * Substantial freedom is desirable * * *, particularly since continued proceedings may often provide a much improved foundation for deciding the same issue.").

**{¶37}** As this court later observed: "one can seek reconsideration of an interlocutory order. However, the denial of reconsideration need not be addressed on appeal as we are only concerned with reviewing the propriety of final judgments." (Citations omitted.) *Jefferson Cty. CSEA v. Pickett*, 7th Dist. Jefferson No. 99 JE 5 (Sep. 21, 2000). Moreover: "trial courts normally only give preclusive effect to their prior rulings if those rulings could have been appealed and were not." *Creaturo v. Duko*, 7th Dist. Columbiana No. 04 CO 1, 2005-Ohio-1342, ¶ 25.

**{¶38}** Here, the bank attempted to appeal the prior ruling on the first motion, but the appeal was dismissed by this court in an entry suggesting the Civ.R. 60(B) motion

should be filed from the future final judgment. A Civ.R. 60(B) motion for relief from judgment specifically anticipates a court changing a final judgment if the movant satisfies elements for granting relief (discussed in the next issue).

**{¶39}** We also note the law of the case doctrine is a rule of practice rather than a binding rule of substantive law and will not be applied in a manner that produces unjust results. *Hawley v. Ritley*, 35 Ohio St.3d 157, 160, 519 N.E.2d 390 (1988). *See also Giancola*, 153 Ohio St.3d 594 at ¶ 15 (but the appellate mandate part of the doctrine cannot be violated). When dismissing the bank's prior appeal, this court's January 25, 2017 judgment effectively encouraged the bank to file a Civ.R. 60(B) motion after final judgment in the case. *See White Stag Aircraft Leasing*, 7th Dist. No. 2016 MA 0154.

**{¶40}** In any event, a Civ.R. 60(B) motion cannot be filed from an interlocutory order, and the default judgment was ruled by this court to be an interlocutory order at the time of the bank's first motion. The trial court's September 9, 2016 ruling on the bank's first motion was not truly a ruling on a Civ.R. 60(B) motion, even though the trial court purported to rule on a Civ.R. 60(B) motion in its September 9, 2016 order. *See, e.g., Genhart v. David*, 7th Dist. Mahoning No. 10 MA 144, 2011-Ohio-6732, ¶ 12 ("Nor can a trial court consider a Civ.R. 60(B) motion for relief from judgment unless the party is seeking relief from a final appealable order"), citing *Pickett*, 7th Dist. No. 99 JE 5. In these circumstances, a ruling on a premature Civ.R. 60(B) motion is actually a ruling on a motion for reconsideration. *See White Stag Aircraft Leasing*, 7th Dist. No. 2016 MA 0154 (construing the bank's first motion as a motion to reconsider the interlocutory default judgment).

**{¶41}** Accordingly, the September 9, 2016 trial court order (refusing to reconsider an interlocutory default judgment) was not the law of the case on a Civ.R. 60(B) motion filed after final judgment. New or additional evidence or even a showing of error was not required in order for the bank to re-file the same motion which this court previously ruled was premature. The bank's December 30, 2019 motion for relief from judgment, which is the only motion filed after final judgment, is considered the bank's first Civ.R. 60(B) motion. Accordingly, Appellant's law of the case argument lacks merit.

<u>ISSUE 2: EXCUSABLE NEGLECT</u>

**{¶42}** The second issue presented for review contends:

"The Trial Court Arbitrarily Determined That JP Morgan Demonstrated Excusable Neglect as Required by Civ.R. 60(B)(1) When it Reversed its Previous Ruling Without New or Additional Evidence."

**{¶43}** Pursuant to Civ.R. 55(B), "If a judgment by default has been entered, the court may set it aside in accordance with Rule 60(B)." To prevail on a Civ.R. 60(B) motion, the movant must demonstrate each of the following three elements: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds listed in the five subdivisions of the rule; and (3) the motion is made within a reasonable time (which is not more than one year after the judgment if the motion is based on one of the first three subdivisions). *GTE Automatic Elec. Inc. v. ARC Industries Inc.*, 47 Ohio St.2d 146, 150-151, 351 N.E.2d 113 (1976). *See also Rose Chevrolet Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988) (but need not prove the meritorious defense will prevail).

**{¶44}** The bank's motion was timely filed less than two weeks after the final judgment was entered. The bank alleged various meritorious defenses (as set forth in our Statement of the Case above). Among other items, the bank pointed to the one-year statute of limitations for a letter of credit in R.C. 1305.14 and the provision in R.C. 1305.07(A) requiring the issuer to dishonor the presentation of a letter of credit that does not appear on its face to strictly comply with the terms and conditions of the letter of credit. Appellant did not contest the timeliness or meritorious defense elements below and does not contest the trial court's finding of these elements to this court on appeal.

**{¶45}** The only dispute is whether the trial court properly exercised its discretion in finding the bank was entitled to relief from judgment under a ground listed in the rule. The bank's motion was filed under Civ.R. 60(B)(1), which provides: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect * * *."

**{¶46}** Excusable neglect has been defined in the negative: excusable neglect does not exist if the defendant's inaction indicates a complete disregard for the judicial system. *Kay v. Marc Glassman Inc.*, 76 Ohio St.3d 18, 20, 665 N.E.2d 1102 (1996). The determination of whether neglect is excusable or inexcusable must take into consideration

Case No. 20 MA 0018

all surrounding facts and circumstances. *Id.* "Where timely relief is sought from a default judgment and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the judgment so that cases may be decided on their merits." *GTE*, 47 Ohio St.2d 146 at paragraph three of the syllabus.

**{¶47}** We review the denial of a Civ.R. 60(B) motion under an abuse of discretion standard of review. *State ex rel. Russo v. Deters*, 80 Ohio St.3d 152, 1997-Ohio-351, 684 N.E.2d 1237 (1997). An abuse of discretion exists where the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Id.*, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶48}** In *Kay*, the defendant submitted affidavits demonstrating counsel prepared an answer but the attorney's secretary inadvertently put it in a file drawer rather than in the mail for filing. It was explained that this mistake was prompted by the reorganization of the attorney's system and was an isolated incident. The Supreme Court reversed the denial of the defendant's Civ.R. 60(B)(1) motion upon concluding the trial court abused its discretion in failing to find the inadvertence of the attorney's secretary was excusable neglect. *Kay*, 76 Ohio St.3d at 20-21.

**{¶49}** Here, the trial court pointed to the affidavit of a corporate employee attesting to the corporate procedure for ensuring the successful assignment of complaints. He said this procedure was initially followed until he inadvertently closed his file on the matter instead of forwarding the case. The trial court concluded the internal corporate error was excusable neglect as there was a set procedure within the corporate structure for dealing with legal process and the procedure was inadvertently not followed until default judgment was entered against the corporation, at which point the bank received notice of default and immediately retained outside counsel who filed for relief from judgment.

**{¶50}** Appellant argues the bank's failure to answer was a complete disregard for the judicial system. Appellant states the corporate protocol was not followed when the document reviewer failure to follow the attorney's instructions to forward the complaint to a different section and the employee at the reviewing department should have taken over after she discovered the case was still open (instead of letting the document reviewer continue to handle the matter). Appellant says this was simple neglect (as the first trial judge opined when addressing the bank's motion to reconsider an interlocutory order).

Case No. 20 MA 0018

**{¶51}** In granting relief from the final default judgment, the trial court applied a Tenth District case setting forth a two-part test for evaluating whether an internal corporate error should be excused: "To meet the test, a party must present circumstances sufficient to show the following: (1) there is a set procedure, within the corporate structure, for dealing with legal process, and (2) the procedure was, inadvertently, not followed until a default judgment had been entered against the corporate defendant." *See Ohio FAIR Plan Underwriting Assn. v. Hitchman Ins. Agency Inc.*, 10th Dist. Franklin No. 12AP-642, 2012-Ohio-6170, ¶ 9, citing *Perry v. General Motors Corp.*, 113 Ohio App.3d 318, 324, 680 N.E.2d 1069 (10th Dist.1996) (affirming the vacation of default judgment on the basis of excusable neglect where a corporate employee failed to properly forward the complaint) and *Hopkins v. Quality Chevrolet Inc.*, 79 Ohio App.3d 578, 583, 607 N.E.2d 914 (4th Dist.1992) (setting forth this two-part test and upholding the trial court's finding of excusable neglect where a corporate employee failed to forward the complaint to the appropriate person).

**{¶52}** We have followed this line of reasoning. *WFMJ Television Inc. v. AT&T Fed. Systems CSC*, 7th Dist. Mahoning No. 01 CA 69, 2002-Ohio-3013, ¶ 19-20 ("This court prefers to follow the majority opinions of the above-cited districts" on this topic), citing *Perry*, 113 Ohio App.3d 318, *Hopkins*, 79 Ohio App.3d 578, and *Sycamore Messenger Inc. v. Cattle Barons Inc.*, 31 Ohio App.3d 196, 509 N.E.2d 977 (1st Dist.1986) (upholding the finding of excusable neglect where a corporate officer's affidavit said a bookkeeper failed to forward the complaint to the appropriate person). Even where a case "teeters on the verge of inexcusable neglect unreasonably accepted by the trial court due to what appears to be cumulative neglect," this court defers to the trial court as the test is not whether this court would have ruled in the opposite manner. *See WFMJ*, 7th Dist. No. 01 CA 69 at ¶ 22.

**{¶53}** To review, the bank submitted the affidavit of its document reviewer who worked in a department specifically set up to ensure newly-served complaints reached an attorney in time to file a timely answer. The affiant explained the existence of the set procedure in the corporate structure and the way the procedure was implemented in this case. Following corporate procedure, this employee received the complaint from the statutory agent, reviewed its contents, and assigned it to an attorney in a certain section

of the office of general counsel at the bank (who would review the case and obtain outside counsel or direct reassignment). This attorney, also following corporate procedure, returned the case to the document reviewer with instructions to assign it to an attorney in a different, more appropriate section of the office of general counsel at the bank.

{¶54} Before the answer date passed, an employee in a separate line of defense against untimely answers noticed the case was still open on the assignment system, spoke to the attorney, learned of the reassignment instructions, and left the matter to the document reviewer. However, the document reviewer mistakenly thought the attorney accepted the case, and he therefore marked the case as closed in the assignment system, instead of following the attorney's instructions on reassignment. After the bank received notice of default judgment, the bank took immediate action to assign the case and obtain outside counsel.

{¶55} The trial court did not act unreasonably, arbitrarily, or unconscionably in finding the bank had a set procedure within the corporate structure for dealing with legal process and the procedure was inadvertently not followed through the date the default judgment was entered against the corporate defendant. As the motion was timely and the bank presented a meritorious defense, the trial court could resolve any doubts in favor of the bank and find the case should be decided on the merits. We should not substitute our judgment for that of the trial court as the bank's inaction did not indicate a complete disregard for the judicial system under the totality of the facts and circumstances of this case.

{¶56} Contrary to Appellant's suggestion, the fact that a different judge (in an interlocutory ruling on a premature motion) believed the mistake was inexcusable neglect does not indicate the second trial judge acted "arbitrarily" in granting the same motion when it was subsequently filed at the appropriate time. Arbitrary is defined as "without adequate determining principle; * * * not governed by any fixed rules or standard." *Cedar Bay Constr. Inc. v. City of Fremont*, 50 Ohio St.3d 19, 22, 552 N.E.2d 202 (1990) (defining the parts of the abuse of discretion standard of review). As can be seen by the entry granting Civ.R. 60(B) relief, the trial court employed the appropriate principles in determining the motion, and as set forth in the prior section, the prior judge's denial of a

motion to reconsider an interlocutory was not a governing fixed standard or the law of the case. Appellant's arguments are without merit.

{¶57} For the foregoing reasons, Appellant's assignment of error is overruled, and the trial court's judgment is affirmed.

Waite, J., concurs.

Wright, J., concurs.

---

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed.  Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**