[Cite as *112466*, 2023-Ohio-3710.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

ASSUNTA ROSSI PERSONALTY          :
REVOCABLE LIVING, ET AL.,

    Plaintiffs-Appellants,          :

                                 No. 112466

    v.

D.J. KEEHAN, ET AL.,          :

    Defendants-Appellees.          :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** October 12, 2023

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-21-944483

---

### *Appearances:*

Robert V. Traci and Assunta Rossi, *pro se.*

Stephen P. Hanudel, *for appellees.*

MICHAEL JOHN RYAN, J.:

{¶ 1} Plaintiffs-appellants, Assunta Rossi, Robert Traci, and Assunta Rossi Personalty Revocable Living Trust (collectively referred to as "appellants") appeal the trial court's judgment granting summary judgment to defendants-appellees, D.J. Keehan, Westlake Shadow Creek, LLC, Signature Building LLC, and Online

Communications, LLC (collectively referred to as "appellees"). For the reasons that follow, we dismiss for lack of a final, appealable order.

**Background**

{¶ 2} In December 2019, the parties entered into a contract for the purchase of a condominium located on Shadow Creek Drive in Westlake, Ohio. The contract listed the condominium price at $370,000 with a completion date of March 15, 2020, but also stated that the completion date "was not of the essence." As is standard in many housing contracts, the contract contained set allowances for various finishes and provided that any costs in excess of the allowance was to be paid by the buyer. The condominium was completed in the fall of 2020. The following year, appellees sold the unit for $430,000.

{¶ 3} In February 2021, the appellants filed a complaint against Keehan and Westlake Shadow Creek alleging breach of contract, breach of warranty, negligence, fraud or fraudulent misrepresentation, negligence, failure to exercise due care, malice, and alleged that Keehan was personally liable for all claims ("alter ego liability" or "piercing the corporate veil"). In May 2021, the appellants filed a first amended complaint to "correct clerical errors."

{¶ 4} In July 2021, appellees filed an answer, counterclaim, and a third-party complaint against Chicago Title. In the counterclaim, the appellees demanded release of $5,000 that Chicago Title held in escrow. Appellees alleged that the appellants refused to provide written permission to release the funds. The parties subsequently entered into an agreement to interplead the $5,000 with the trial

court, and the court dismissed the claim against Chicago Title with prejudice, leaving the counterclaim against the appellants.

{¶ 5} In November 2021, appellants filed for leave to file a second amended complaint, naming additional defendants including Signature Building Concepts, LLC, and Online Communications, LLC. The trial court granted the motion.[1]

{¶ 6} In May 2022, after a lengthy pretrial process, appellees moved for summary judgment. On November 4, 2022, the trial court issued an opinion granting appellees' motion for summary judgment as to appellants' claims for fraud and alter ego liability but denied its motion for summary judgment as to all other claims, including appellees' counterclaim. On November 17, 2022, appellants moved for reconsideration of the court's decision. On December 12, 2022, the trial court held a hearing on the motion for reconsideration.[2]

{¶ 7} On February 10, 2023, the trial court issued an opinion denying appellants' motion for reconsideration:

> A hearing on the motion for reconsideration was held on 12/12/2022. Plaintiff Robert Traci appeared pro se. All other parties appeared through counsel. All parties elected to make oral arguments, rather than calling witnesses or introducing exhibits other than those attached to their previous briefings on summary judgment and reconsideration. Following oral arguments by the parties, the matter was deemed heard and submitted by the court. Upon consideration of the briefings, the evidence presented, and arguments presented at the hearing, plaintiffs' motion for reconsideration is denied.

---

[1] David Keehan and GH Holdings were also named as new-party defendants in the second amended complaint but were later dismissed.

[2] Appellants did not file a transcript of the hearing to make it part of the appellate record.

\* \* \*

Because the parties put forward competing evidence regarding whether plaintiff Traci is a third-party beneficiary to the contract, and whether defendants are entitled to judgment on their counterclaim, summary judgment was not appropriate on those issues.

{¶ 8} Regarding appellants' claims for fraud and alter ego liability, the court found that appellees met their burden identifying those portions of the record that demonstrated the absence of a genuine issue of material fact. The court found that appellants failed to show that a genuine issue of material fact existed to support their claim for alter ego liability or fraud. The court further found that the appellants' fraud claim was barred because it failed to point to any duty or damages independent from those stemming from the contract: "Plaintiffs have offered no new testimony or exhibits to support their claim for alter ego liability." The court noted that while appellants presented oral arguments regarding alter ego liability, only evidence that meets the Civ.R. 56(C) standard can create a genuine issue of material fact. Finally, the trial court certified that there was "no just reason for delay" pursuant to Civ.R. 54(B).

{¶ 9} Appellants filed a notice of appeal and raise the following assignments of error for our review:

I. The validity of an affidavit is relevant only when it is presented and utilized, and not limited to the facts at the actual signing of the affidavit.

II. The Trial Court erred in granting summary judgment on the issue of fraud in its Order dated February 10, 2023.

III. The Trial Court erred in granting summary judgment on the issue of alter ego liability \* \* \* .

**Law and Analysis**

{¶ 10} This court's jurisdiction is confined to final orders. *See* Article IV, Section 3(B)(2), Ohio Constitution. "'For an order to constitute a final appealable order, the requirements of both R.C. 2505.02, and, if applicable, Civ.R. 54(B) must be met.'" *Altenheim v. Januszewski*, 8th Dist. Cuyahoga No. 105860, 2018-Ohio-1395, ¶ 8, quoting *GrafTech Internatl. Ltd. v. Pacific Emps. Ins. Co.*, 2016-Ohio-1377, 62 N.E.3d 1031, ¶ 6 (8th Dist.). If a trial court's order is not final, then an appellate court has no jurisdiction to review the matter, and the matter must be dismissed. *Altenheim* at *id.*, citing *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989). Although neither party raised whether the trial court's order was final and appealable in their briefs on appeal, this court has a duty to examine, sua sponte, potential deficiencies in jurisdiction. *Altenheim* at *id.*

{¶ 11} Appellants filed a motion for reconsideration of the trial court's decision that partially granted appellees' motion for summary judgment, finding that no genuine issue of material fact remained on appellant's claims for fraud and alter ego liability. Pursuant to Civ.R. 54(B), a trial court's order or decision is "subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Thus, "an interlocutory order, such as granting partial summary judgment, is subject to a motion for reconsideration." *Maddox Defense, Inc. v. GeoData Sys. Mgt.*, 2019-Ohio-1778, 135 N.E.3d 1212, ¶ 74 (8th Dist.), citing *Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378, 423 N.E.2d 1105 (1981). However, the denial of a motion to reconsider an

interlocutory order is also interlocutory. *White Stag Aircraft Leasing United States LLC v. JP Morgan Chase Bank, N.A.*, 2021-Ohio-1245, 171 N.E.3d 763, ¶ 26 (7th Dist.). Therefore, the denial of a motion to reconsider an interlocutory order is not final and appealable. *Id.*

{¶ 12} Because this case involves multiple parties or multiple claims, the court's order must meet the requirements of Civ.R. 54(B) to qualify as a final, appealable order. *Kerns v. Hale*, 2023-Ohio-1175, 212 N.E.3d 451, ¶ 19 (4th Dist.), citing *McCann v. Webb*, 4th Dist. Adams No. 21CA1128, 2022-Ohio-2318. Pursuant to Civ.R. 54(B), "[w]hen more than one claim for relief is presented in an action * * * the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay."

{¶ 13} In its order denying appellants' motion for reconsideration, the trial court provided the Civ.R. 54(B) certification, stating that there was no just reason for delay. The inclusion of Civ.R. 54(B) language in an entry, however, does not "transform a final order into a final appealable order." *Wisintainer v. Elcen Power Strut Co.*, 67 Ohio St.3d 352, 354, 617 N.E.2d 1136 (1993). The certification does not serve as a "mystical incantation which transforms a nonfinal order into a final appealable order." *Midland Funding LLC v. Hottenroth*, 2023-Ohio-923, 211 N.E.3d 797, ¶ 37 (8th Dist.), citing *Wisintainer* at 354, citing *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 541 N.E.2d 64 (1989). "Civ.R. 54(B) does not alter the requirement that an order must be final before the no just reason for delay language renders it appealable." *Midland Funding LLC* at *id.*, quoting *Altenheim*,

8th Dist. Cuyahoga No. 105860, 2018-Ohio-1395, at ¶ 10, citing *Gen. Acc. Ins. Co.*, 44 Ohio St.3d at 21, 540 N.E.2d 266.

{¶ 14} Thus, because the denial of a motion to reconsider an interlocutory order is also interlocutory, we must determine whether the trial court's grant of partial summary judgment was a final, appealable order.

{¶ 15} R.C. 2505.02(B) provides that an order is a "final order" subject to review when it is one of the following:

> (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
>
> (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
>
> (3) An order that vacates or sets aside a judgment or grants a new trial;
>
> (4) An order that grants or denies a provisional remedy and to which both of the following apply:
>
> (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
>
> (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶ 16} The trial court's order denying appellants' motion for reconsideration does not fall under subdivisions (B)(1), (2), (3), or (4) as set forth above because it did not determine the action or prevent a judgment, involve a special proceeding or a summary application in an action after judgment, vacate or set aside a judgment, or grant a new trial, or involve a provisional remedy of the type included in subdivision (4). Finally, because the denial of a motion to reconsider an

interlocutory order is also interlocutory, *White Stag Aircraft Leasing United States LLC*, 2021-Ohio-1245, 171 N.E.3d 763, at *id.*, the trial court's denial of appellants' motion to reconsider is not final and appealable. *Id.* Thus, the requirements of both R.C. 2505.02 and Civ.R. 54(B) have not been met.

{¶ 17} Despite the trial court's inclusion of a Civ.R. 54(B) certification, appellants' appeal does not emanate from a final appealable order, and we do not have jurisdiction to review their claims. Consequently, we dismiss the appeal.

{¶ 18} Appeal dismissed.

It is ordered that appellees recover from appellants costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MICHAEL JOHN RYAN, JUDGE

ANITA LASTER MAYS, A.J., and
EILEEN T. GALLAGHER, J., CONCUR