[Cite as *Dill v. Athens*, 2013-Ohio-5888.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

| | | |
|---|---|---|
| JEFFERY C. DILL, ET AL., | : | Case No. 12CA30 |
| | : | |
| Plaintiffs-Appellants, | : | |
| | : | DECISION AND |
| v. | : | JUDGMENT ENTRY |
| | : | |
| CITY OF ATHENS, OHIO, ET AL., | : | |
| | : | **RELEASED: 12/26/13** |
| Defendant-Appellee. | : | |

_____

APPEARANCES:

Garry E. Hunter, Garry E. Hunter Law Offices, Inc., Athens, Ohio, for appellants.

Patrick J. Lang, City of Athens Director of Law, Athens, Ohio, for appellee City of Athens, Patrick Lang, John Paszke, Athens City Planning Commission and Athens City Zoning Board.

Tiffany C. Miller, Bailey Cavalieri LLC, Columbus, Ohio, and William R. Walker, Walker & Walker Co., L.P.A., Athens, Ohio, for appellee Integrated Services of Appalachian Ohio, Inc.

_____

Harsha, J.

{¶1}     Jeffery Dill and other taxpayers (collectively "the taxpayers") appeal the trial court's entry dismissing their action without prejudice. However, because the trial court's entry is not a final, appealable order we have no jurisdiction to consider the appeal and must dismiss it.

I. FACTS

{¶2}     This appeal arose from the construction of a multi-unit, residential structure in Athens, Ohio, by Integrated Services of Appalachian Ohio, Inc. (Integrated Services). Initially, Integrated Services sought a variance from the Athens City Board of Zoning Appeals to construct a two-story complex that would replace a single-family

mobile home it removed.  The Board of Zoning Appeals denied the variance, and rather than appeal its decision, Integrated Services sought approval of a three-story complex from the Athens City Planning Commission.  The Planning Commission approved the new plan for a three-story structure, without residential use on the first floor.  Integrated Services then returned the case to the Board of Zoning Appeals and asked for a substitution of a nonconforming use (the mobile home) for a not more objectionable nonconforming use (the two-story structure).  The Board of Zoning Appeals approved the substitution of a two-story structure with first-floor residential use, the same structure which it had previously denied.

{¶3}    The taxpayers filed this action under R.C. 733.59 against the City of Athens, Athens City Planning Commission, Athens City Zoning Board, and various city officials (collectively "city defendants"), as well as Integrated Services.  Many of the taxpayers also filed two other related administrative appeals that directly challenge the Board of Zoning Appeals' and Planning Commission's decisions.  In their amended complaint in this case, the taxpayers alleged that the city defendants "have failed to enforce the laws of the City of Athens, Ohio," and sought to enjoin Integrated Services from building any structure on the property; they also sought a writ of mandamus.  After the court denied a temporary injunction, both the city defendants and Integrated Services filed Civ.R. 12(B)(6) motions to dismiss the amended complaint for failure to state a claim upon which relief can be granted.  The court found that this case could not be finally resolved until the administrative appeals were decided and dismissed the case without prejudice.  The taxpayers now appeal the trial court's dismissal.

II. ASSIGNMENT OF ERROR

**{¶4}** The taxpayers raise one assignment of error for our review:

1. "THE TRIAL COURT DISMISSAL WITHOUT PREJUDICE PURSUANT TO OHIO CIVIL RULE 12 (B) WAS PREMATURE."

### III. LAW AND ANALYSIS

**{¶5}** In their assignment of error, the taxpayers argue that the trial court erred by dismissing the case for several reasons: 1.) this is public cause of action under R.C. 733.59 and the administrative appeals are distinct private causes of action; 2.) the allegations in the amended complaint are sufficient to state a cause of action; and 3.) the City of Athens failed to post a required notice prior to the Planning Commission's first hearing. However, both the city defendants and Integrated Services contend that the trial court's dismissal is not a final, appealable order.

**{¶6}** The Ohio Constitution limits an appellate court's jurisdiction to the review of "final orders" of lower courts. Section 3(B)(2), Article IV, Ohio Constitution. Under R.C. 2505.02(B)(1), an order is final if it "affects a substantial right in an action that in effect determines the action and prevents a judgment[.]" A "substantial right" is "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1).

**{¶7}** "To be final, however, 'an order must also determine an action and prevent a judgment.'" *Natl. City Commercial Capital Corp. v. AAAA at Your Serv., Inc.*, 114 Ohio St.3d 82, 2007-Ohio-2942, 868 N.E.2d 663, ¶ 7, quoting *Chef Italiano Corp.* v. *Kent State Univ.*, 44 Ohio St.3d 86, 88, 541 N.E.2d 64 (1989); R.C. 2505.02(B). "'For an order to determine the action and prevent a judgment for the party appealing, it must dispose of the whole merits of the cause or some separate and distinct branch thereof and leave nothing for the determination of the court.'" *Natl. City* at ¶ 7, quoting *Hamilton*

*Cty. Bd. of Mental Retardation & Dev. Disabilities v. Professionals Guild of Ohio*, 46

Ohio St.3d 147, 153, 545 N.E.2d 1260 (1989).

**{¶8}**    Ordinarily, an action dismissed without prejudice is not a final, appealable

order because such a dismissal does not prevent the party from refiling the case.  *See*

*Natl. City* at ¶ 8.  This is so because a dismissal without prejudice relieves the court of

jurisdiction over the matter, and the action is treated as though it had never been

commenced. *See Zimmie v. Zimmie*, 11 Ohio St.3d 94, 95, 464 N.E.2d 142 (1984).  If

an action has never been commenced, it follows that it could not have decided anything

with the kind of finality required by R.C. 2505.02.

**{¶9}**    In their reply brief the taxpayers contend the trial court's entry is a final,

appealable order because it affects their substantial right to collect court costs and

attorney fees.  However, they give no valid reason why they cannot pursue these claims

after the administrative appeals have been decided.  In fact, the trial court dismissed the

case on the condition "that any issues in this case not conclusively and finally resolved

by the two companion administrative appeals be reserved for further consideration if

and when appropriate."  Even if we assume that the taxpayers' ability to collect attorney

fees under R.C. 733.61 is a substantial right, given the trial court's express reservation

of jurisdiction to address collateral matters, we can see no reason why they cannot

pursue these issues later.  *See Natl. City* at ¶ 12.  *See also Cooter & Gell v. Hartmarx*

*Corp,* 496 U.S. 384, 396, 110 S.Ct. 2447, 110 L.Ed.2d. 359 (1990); *State ex rel.*

*Engelhart v. Russo*, 131 Ohio St.3d. 137, 2012-Ohio-47, 961 N.E.2d 1118, ¶ 28; *State*

*ex rel. Hummel v. Sadler*, 96 Ohio St.3d 84, 2002-Ohio-3605, 771 N.E.2d 853, ¶ 23, 25;

and *State ex rel. Corn v. Russo*, 90 Ohio St.3d 551, 556, 740 N.E.2d 265 (2001), citing

*Cooter & Gell* at 396.  Thus, the trial court's entry is not a final, appealable order and we dismiss the appeal.

APPEAL DISMISSED.

## **JUDGMENT ENTRY**

It is ordered that the APPEAL IS DISMISSED and that Appellants shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County Court of Common Pleas to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, P.J. & Hoover, J.:  Concur in Judgment and Opinion.


For the Court


BY: _____
William H. Harsha, Judge



**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**