[Cite as *McCann v. Webb*, 2022-Ohio-2318.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

| | | |
|---|---|---|
| BENJAMIN MCCANN, | : | |
| | : | Case No. 21CA1128 |
| Plaintiff-Appellee, | : | |
| | : | |
| v. | : | DECISION AND JUDGMENT ENTRY |
| | : | |
| GUY R. WEBB, | : | |
| | : | **RELEASED: 06/23/2022** |
| Defendant-Appellant. | : | |

APPEARANCES:

Tyler E. Cantrell, Young & Caldwell, LLC, West Union, Ohio for Appellant.

David E. Grimes, West Union, Ohio for Appellee.

Wilkin, J.

{¶1} Appellant, Guy R. Webb ("Webb"), appeals the Adams County Court of Common Pleas judgment that denied his motion seeking an extension of time to pay off four "artisan's liens" and to pay off each lien individually. Webb asserts a single assignment of error: "the trial court erred in denying the defendant's request to pay for and have items released individually." After reviewing Webb's argument, the record, and the applicable law, we overrule his assignment of error and affirm the trial court's judgment.

FACTS AND PROCEDURAL BACKGROUND

{¶2} On August 30, 2019, appellee, Benjamin J. McCann ("McCann"), filed a complaint seeking damages from Webb for expenses that McCann had incurred in repairing and storing two of Webb's automobiles and two of his trailers ("vehicles"). McCann alleged breach of an oral agreement and unjust

enrichment. At the conclusion of a bench trial held on August 20, 2020, the court read its decision on the record, awarding McCann a total of $8,370 for the damages he incurred in repairing and storing Webb's vehicles. The court informed Webb that he would need to pay the judgment "in full" by October 30, 2020, or the titles to all four vehicles "will be transferred" to McCann "in satisfaction of debt." The court stated that it would be a "final appealable order." On August 28, 2020, the court issued a judgment entry reflecting that Webb was liable to pay McCann the $8,370 in damages "in full" by October 30, 2020 or ownership of his vehicles would be transferred to McCann. There is no indication that Webb appealed that judgment.

{¶3} On October 29, 2020, Webb filed his "motion for extension of time to pay and for order to accept pay and release items" individually. In an entry dated December 18, 2020, the trial court stated that it had ordered Webb "to pay the full Judgment amount of $8,370.00 before he would be permitted to obtain any of the vehicles or trailers subject to the August 28, 2020 Judgment Entry." Finding that Webb had not satisfied that judgment by October 30, 2020, the court ordered "title of all [Webb's] vehicles shall be transferred to [McCann]." It is this judgment that Webb appeals.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S REQUEST TO
PAY FOR AN HAVE ITEMS RELEASED INDIVIDUALLY

{¶4} Webb claims that the trial court erred in denying his motion to pay off each lien individually because an artisan's lien can attach to only a single vehicle at a time. He maintains that there are four separate artisan's liens in this case,

two encumbering automobiles and two encumbering trailers.  He asserts that even though the liens were combined into a single lien in the original judgment, the court erred in denying his motion to pay off and recover each vehicle individually.

{¶5} McCann has not filed any response to Webb's appeal.

LAW

{¶6} Typically, we review an appeal under an applicable standard of review.  However, under the particular circumstances in this case, we find the following two jurisprudential concepts control in addressing Webb's appeal.

{¶7} The first is that an appellant must support their assignment(s) of error with arguments and supporting law.  " 'If an argument exists that can support [an] assignment of error, it is not this court's duty to root it out.' " *Thomas v. Harmon,* 4th Dist. Lawrence No. 08CA17, 2009-Ohio-3299, ¶ 14, quoting *State v. Carman,* 8th Dist. Cuyahoga No. 90512, 2008-Ohio-4368, ¶ 31.  Reviewing courts "are *not obligated to* search the record or *formulate legal arguments* on behalf of the parties, because ' "appellate courts *do not sit as self-directed boards of legal inquiry and research*, but [preside] essentially as arbiters of legal questions presented and argued by the parties before them." ' " (Emphasis added.)  *State v. Quarterman*, 140 Ohio St. 3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 19, quoting *State v. Bodyke,* 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, ¶ 78 (O'Donnell, J., concurring in part and dissenting in part), quoting *Carducci v. Regan,* 714 F.2d 171, 177 (D.C.Cir.1983); *State v. Stapleton*, 4th Dist. Pickaway No. 19CA7, 2020-Ohio-4479, ¶ 31.  "We may disregard any

assignment of error that fails to present any citations to case law or statutes in support of its assertions." *Frye v. Holzer Clinic, Inc.,* 4th Dist. Gallia No. 07CA4, 2008-Ohio-2194, ¶ 12, citing App.R. 16(A)(7), App.R. 12(A)(2), *Albright v. Albright,* 4th Dist. Lawrence No. 06CA35, 2007-Ohio-3709, ¶ 16.

**{¶8}** The second legal authority we find relevant in addressing Webb's appeal is res judicata, which provides that "a valid, final judgment rendered upon the merits [of an action] bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St. 3d 379, 1995-Ohio-331, 653 N.E.2d 226 at the syllabus.  This means " 'that "an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or *might have been* litigated in a first lawsuit." ' " (Emphasis sic.)  *Brown v. Dayton*, 89 Ohio St. 3d 245, 248, 2000-Ohio-148, 730 N.E.2d 958 (2000), quoting *Natl. Amusements, Inc. v. Springdale*, 53 Ohio St.3d 60, 62, 558 N.E.2d 1178, (1990) quoting *Rogers v. Whitehall*, 25 Ohio St.3d 67, 69, 494 N.E.2d 1387 (1996).  "Res judicata promotes the principle of finality of judgments by requiring plaintiffs to present every possible ground for relief in the first action." *Kirkhart v. Keiper*, 101 Ohio St. 3d 377, 2004-Ohio-1496, 805 N.E.2d 1089, ¶ 5, citing *Springdale*, 53 Ohio St.3d at 62.

**{¶9}** Because res judicata applies only to judgments that are final, we now review the requirements of a final, appealable judgment.  A trial court's order is final and appealable only if it satisfies the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B).  *Denham v. New Carlisle*, 86 Ohio St.3d 594, 596, 716

N.E.2d 184 (1999), citing *Chef Italiano v. Kent State University,* 44 Ohio St.3d 86, 88, 541 N.E.2d 64.

{¶10} "Under R.C. 2505.02(B)(1), an order is a final appealable order if it 'affects a substantial right in an action that in effect determines the action and prevents a judgment[.]' " (brackets sic.)  *Turner & Son Funeral Home v. Hillsboro*, 2015-Ohio-1138, 28 N.E.3d 1279, ¶ 10 (4th Dist.), quoting *Hamilton Cty. Bd. of Mental Retardation & Dev. Disabilities v. Professionals Guild of Ohio,* 46 Ohio St.3d 147, 153, 545 N.E.2d 1260 (1989).  " 'A "substantial right" for purposes of R.C. 2505.02 is a legal right enforced and protected by law.' " *Mayberry v. Chevalier*, 2018-Ohio-781, 106 N.E.3d 89, ¶ 12 (4th Dist.), quoting *State ex rel. White v. Cuyahoga Metro. Hous. Auth.*, 79 Ohio St.3d 543, 545, 684 N.E.2d 72 (1997), citing *State ex rel. Hughes v. Celeste*, 67 Ohio St.3d 429, 430, 619 N.E.2d 412 (1993), and *Noble v. Colwell*, 44 Ohio St.3d 92, 94, 540 N.E.2d 1381 (1989).  For an order to "determine an action and prevent a judgment," it "must dispose of the whole merits of the cause or some separate and distinct branch thereof and leave nothing for the determination of the court." *Turner & Son Funeral Home*, 2015-Ohio-1138, at ¶ 10, citing *Hamilton Cty. Bd. of Mental Retardation & Dev. Disabilities,* 46 Ohio St.3d at 153.

{¶11} Finally, "[I]f the case involves multiple parties or multiple claims, the court's order must [also] meet the requirements of Civ.R.54(B) to qualify as a final, appealable order." *Id*. ¶ 11, citing *Chef Italiano Corp.* at 88.  In pertinent part, Civ.R. 54(B) states: "When more than one claim for relief is presented in an action * * *  the court may enter final judgment as to one or more but fewer than

all of the claims or parties only upon an express determination that there is no just reason for delay." (Emphasis added.) "Absent the mandatory language that 'there is no just reason for delay, an order that does not dispose of all claims or that does not determine the rights and liabilities of all the parties involved, is subject to modification and is not final and appealable." *Id.*, citing *Noble v. Colwell,* 44 Ohio St.3d 92, 96, 540 N.E.2d 1381 (1989); Civ.R. 54(B).

ANALYSIS

1. Webb Has Failed to Submit Controlling or Persuasive Authority

{¶12} Webb does not contest that he is liable for the repair and storage expenses listed in the trial court's judgment. Rather, he argues that the trial court erred in denying his October 29, 2020 motion requesting the court to allow him to pay off/redeem the lien on each of the four vehicles, separately. In support, Webb cites two cases in his brief: *Leesburg Fed. Sav. Bank v. McMurray*, 12th Dist. Fayette No. CA2012-02-002, 2012-Ohio-5435, and *Candler v. Ash*, 53 Ohio App. 2d 134, 372 N.E.2d 617 (6th Dist. 1976).

{¶13} Initially, we note that McCann's complaint included two counts, one alleged an "oral agreement," and the other "unjust enrichment." There is no mention in the complaint that McCann was seeking to obtain artisan liens. In fact, there is no mention of the term "artisan's lien" in the entire record. The term is first mentioned in appellant's brief on appeal. And while an artisan's lien is a common law theory under which a litigant can recover damages for repairs made on a vehicle as set forth in *Leesburg* and *Candler*, it is not the only viable theory of recovery, as evidenced by McCann's complaint.

**{¶14}** Even accepting that McCann recovered the damages pursuant to artisan's liens, neither *Leesburg* nor *Candler* support Webb's assignment of error. While the damages incurred by McCann in this case arise from four different "vehicles," neither case discusses the manner in which the damages must be paid, i.e., neither states that liens must be paid-off or redeemed individually. In short, Webb has provided this court with no controlling or persuasive authority that a defendant must be permitted to pay-off damages for each vehicle individually when recovered under artisan's liens. Because Webb cites no legal authority that supports his argument and we are not obligated to find legal authority on appellant's behalf, we may disregard his assignment of error. *Frye* at ¶ 12.

**{¶15}** Courts, however, including this one, always endeavor to decide cases "on their merits whenever possible." *Keaton v. Purchase Plus Buyers Grp., Inc.*, 145 Ohio App. 3d 796, 804, 2001-Ohio-2569, 764 N.E.2d 1043 (4th Dist.), citing *Perotti v. Ferguson*, 7 Ohio St.3d 1, 3, 454 N.E.2d 951 (1983). But, we found no controlling law on the issue of whether a court errs in ordering a defendant to pay off multiple liens "in full," as opposed to permitting the defendant to pay off each lien individually. And we decline to proceed any further to address an issue of first impression, which this case appears to present. To the extent that an argument on that issue can be made and supported in the law, it is Webb's role to do so, not the court's.

2.   Our Consideration of Webb's Appeal is Barred by Res Judicata

{¶16} The trial court stated on the record that Webb was liable to McCann for $8,370.00 that must be paid "in full" by October 30, 2020, or title to Webb's vehicles would transfer to McCann and that the order would be a "final appealable order."  The trial court's judgment entry issued on August 28, 2020 also echoed that Webb must pay the judgment "in full" or his vehicles would be transferred to McCann.

{¶17} Because a trial court's judgment is a "legal right enforced and protected by law," the court's August 28, 2020 judgment herein affected McCann's substantial rights.  *See Mayberry*, 2018-Ohio-781, ¶ 12.  Furthermore, the August 28, 2020 judgment "determined the action and prevented a judgment" because it disposed the "whole merits of the cause" by requiring Webb to pay the entire judgment by a date certain, or lose ownership of his vehicles.[1]  *Turner & Son Funeral Home*, 2015-Ohio-1138, at ¶ 10.  In other words, the judgment left nothing more for the court to determine in the case.  *Id.*

{¶18} As a final order, res judicata applied to the August 28, 2020 judgment, which means that *any issue* that *could have been raised* in an appeal of that judgment, could not be subsequently litigated.  Because Webb could have appealed the court's August 28, 2020 judgment to raise the issue of whether the trial court erred in ordering him to pay the judgment "in full," res judicata barred him from raising that issue in his subsequently-filed October 29, 2020 motion

---

[1] In this case, Civ.R. 54(B) certification was not necessary because, while McCann's action did asserts multiple claims, the trial court issued a *single judgment that addressed all four liens*, and required payment in full as a condition precedent to Webb recovering his vehicles.  Civ.R. 54(B) applies only when the court decides at least one, but less than all the claims made in a case.

moving the court to permit him to pay off the damages on each vehicle individually. Consequently, res judicata similarly bars our consideration of McCann's appeal of that judgment.

CONCLUSION

{¶19} For the aforementioned reasons, we overrule appellant's sole assignment of error, and affirm the trial court's judgment denying appellant's motion.

**JUDGMENT IS AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. and Abele, J.:  Concur in Judgment and Opinion.


For the Court,


BY: _____
Kristy S. Wilkin, Judge



**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**