[Cite as *Kerns v. Hale*, 2023-Ohio-1175.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

JEROMY KERNS,                                  :
                                               :        Case No. 21CA3970
            Plaintiff-Appellant,               :
                                               :
      v.                                       :        DECISION AND JUDGMENT
                                               :        ENTRY
ANDREW HALE, et al.,                           :
                                               :        **RELEASED: 04/03/2023**
            Defendants-Appellees.              :

_____

APPEARANCES:

Andrew S. Hanes and Robert T. Trujillo, Wheelersburg, Ohio for Appellant.

Susan M. Salyer and John R. Hass, Loveland, Ohio for Appellees.

_____

Wilkin, J.

{¶1} Plaintiff-appellant, Jeromy J. Kerns ("Kerns"), appeals the Scioto County Court of Common Pleas judgment that granted defendants-appellees, Andrew Hale ("Hale") and Holly Hale's ("Holly") motion for summary judgment. Raising six assignments of error, Kerns contests the entry of summary judgment in favor of Hale claiming there are genuine issues of material fact as to (1) whether Hale maintained an assured clear distance ahead ("ACDA") when operating his vehicle, (2) whether Hale "was negligent in failing to control [his] vehicle[,]" (3) whether Hale "was negligently operating [his] vehicle[,]" (4) whether the trial should have awarded him punitive damages, (5) whether the court should have granted him attorney fees, and (6) whether Hale's mother, Holly, negligently entrusted her vehicle to him. Hale filed a brief in response alleging that the trial court did not err in granting summary judgment in his favor because

there were no genuine issues of material fact pertaining to any of Kerns' assigned errors.

{¶2} After reviewing the parties' arguments, the record, and the applicable law, we sua sponte find that the trial court's summary judgment is not a final appealable order. More specifically, the judgment did not address Kerns' claim that Hale did not maintain an "ACDA" at the time of the accident. Therefore, we dismiss Kerns' appeal.

FACTS AND PROCEDURAL BACKGROUND

{¶3} On the evening of September 18, 2018, Kerns and Thomas Coe ("Coe") were walking westbound on U.S. Route 52 from Wheelersburg to Portsmouth, a "two-way divided" roadway. At that same time, Hale was driving home from a high school soccer game also westbound on U.S. Route 52. After driving under an overpass and preparing to take the exit ramp to State Route 140, Hale's vehicle struck Kerns and Coe. Hale, who claimed to not have his phone, left the scene, drove a short distance to his home, where his mother called first responders, and then he and his parents returned to the scene of the accident.

{¶4} An Ohio State Highway Patrol trooper took statements from Hale and Coe, but did not speak to Kerns, who had suffered "incapacitating" injuries. Hale told the trooper that he was westbound on U.S. Route 52 and as he was preparing to take the exit to State Route 140, he saw "figures in the middle of the highway." He further stated: "I slammed on my brakes and due to the wet conditions slid and hit the figures." When the trooper asked him how many

figures did you see, Hale stated: "I saw a #12 on a shirt, then I saw two people."

He told the trooper that the figures were "in the middle of the road." He said that

it was "dark" and raining at the time of the accident. He claimed that his speed

was 55 miles per hour.

{¶5} According to the trooper's Traffic Crash Report ("report"), Coe

admitted that he had consumed two beers the day of the accident. He also

claimed that he was walking "off the side of the road" at the time of the accident.

Despite Coe's statement, the report indicates that "[Kerns and Coe] were walking

in the roadway westbound on the U.S. 52 off ramp to SR 140." The report also

stated that "[Kerns and Coe] were intoxicated/impaired at the time of the crash.

They both had an odor of alcoholic beverage coming from their breath and

person and their speech was slurred. Due to the injuries sustained, no chemical

test could be obtained." The report went on to state that Kerns and Coe were

"intoxicated pedestrians and would be charged under R.C. 4511.481 once

contact could be made with both." There is no evidence in the record that either

was charged.

{¶6} In his deposition, Hale recalled the accident: "I just see something in

the road, so I jump on my brakes, reactionary. I was right on top of them when I

see him. It was wet and it was dark. I mean, that's when I made contact with

them. The truck came to a stop. It stalled out. So it was reactionary." Hale

claimed that he struck Kerns and Coe just after travelling under an overpass and

prior to the exit for State Route 140. Counsel asked Hale: "Were you able to

discern at that time what they were?" Hale testified: "No. It was just figures. I

couldn't tell if it was, you know, a deer crossing the highway or if it was – what it could have been." Hale estimated that he was "on the brakes" approximately 50 feet before striking Kerns and his companion. Hale maintained that he did not comprehend that he had struck persons until they rolled onto his hood after impact.

{¶7} Hale testified that just prior to the accident he was going "maybe 50 miles per hour" and that the vehicle he was driving was not equipped with antilock-brake technology or high-beam headlights. He claimed that after impact the bodies of both Kerns and Coe were on the hood of his vehicle for "maybe 50 to 100 yards," before one of the bodies was thrown into the middle of the road and the other landed on the white shoulder line. Hale maintained that visibility that night was "[n]ot too great with, you know, the overpass being built. It was kind of shadowed in even more." Lighting at that interchange had not yet been installed.

{¶8} Kerns was also deposed. He testified that when he departed Wheelersburg the day of the accident, he was walking on the berm of U.S. Route 52. He claimed that it was daylight when they departed, but could not remember the time of day when the accident occurred. He later testified that he could not recall walking from the Wheelersburg entrance onto U.S. Route 52, or how they reached the exit for State Route 140. He also stated that he did not recall seeing the vehicle prior to the accident, or lying on the ground after the accident.

{¶9} On July 2, 2020, Kerns filed a complaint asserting four "claims." The first three claims alleged that Hale acted negligently, grossly negligently,

recklessly, willfully and wantonly and maliciously, which caused Kerns' injuries. The fourth claim alleged that Hale's mother negligently entrusted her vehicle to Hale.

{¶10} On June 18, 2021, Hale filed a motion for summary judgment. Kerns filed a memorandum contra. Hale filed a reply. The trial court issued a judgment entry that granted Hale summary judgment. Construing R.C. 4511.48(A), which essentially addresses the rights of drivers and pedestrians, the trial court found "there is no evidence that Defendants were negligent or reckless in their actions surrounding the vehicle-pedestrian accident of September 17, 2018." It is this judgment that Kerns appeals.

ASSIGNMENTS OF ERROR

I.     THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE ANDREW HALE'S MOTION FOR SUMMARY JUDGMENT AS GENUINE ISSUES OF MATERIAL FACT EXIST AS TO WHETHER DEFENDANT-APPELLEE ANDREW HALE WAS NEGLIGENT IN FAILING TO MAINTAIN AN ASSURED CLEAR DISTANCE BEFORE STRIKING PLAINTIFF-APPELLANT WITH THE VEHICLE HE WAS OPERATING

II.    THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE ANDREW HALE'S MOTION FOR SUMMARY JUDGMENT AS GENUINE ISSUES OF MATERIAL FACT EXIST AS TO WHETHER DEFENDANT-APPELLEE ANDREW HALE WAS NEGLIGENT IN FAILING TO CONTROL THE VEHICLE HE WAS OPERATING.

III.   THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE ANDREW HALE'S MOTION FOR SUMMARY JUDGMENT AS GENUINE ISSUES OF MATERIAL FACT EXIST AS TO WHETHER DEFENDANT-APPELLEE ANDREW HALE WAS NEGLIGENTLY OPERATING THE VEHICLE AT ISSUE.

IV.    THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE ANDREW HALE'S MOTION FOR SUMMARY JUDGMENT WITH REGARDS TO PLAINTIFF-APPELLANT' CLAIM FOR PUNITIVE DAMAGES.

V.     THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE ANDREW HALE'S MOTION FOR SUMMARY JUDGMENT AS GENUINE ISSUES OF MATERIAL FACT EXIST REGARDS TO PLAINTIFF-APPELLANT'S CLAIM FOR ATTORNEY FEES.

VI.    THE TRIAL COURT ERRED IN DISMISSING DEFENDANT-APPELLANT'S NEGLIGENT ENTRUSTMENT CLAIM AGAINST DEFENDANT-APPELLEE HOLLY HALE AS GENUINE ISSUES OF MATERIAL FACT EXIST AS TO WHETHER DEFENDANT-APPELLEE HOLLY HALE WAS NEGLIGENT IN ENTRUSTING HER VEHICLE TO DEFENDANT-APPELLEE ANDREW HALE.

LAW AND ANALYSIS

**{¶11}** Before addressing the merits of Kerns' assignments of error, we first must determine whether the trial court's summary judgment is a final appealable order.  Because it appears that the trial court's summary judgment failed to address Kerns' ACDA statute R.C. 4511.21(A), we must consider whether the summary judgment was a final appealable order.  Hale maintains "Kerns raises an assignment of error for negligence per se, which was never pleaded."  Therefore, we begin by examining whether Kerns properly raised the issue of ACDA, which is a negligence per se claim, in the trial court.

1.  Kerns Did Not Waive His ACDA Claim

**{¶12}** "Civ.R. 8(A) requires only a short and plain statement of the claim that gives the defendant fair notice of the plaintiff's claim and the grounds upon which it is based."  *Ogle v. Ohio Power Co.*, 180 Ohio App. 3d 44, 2008-Ohio-7042, 903 N.E.2d 1284, ¶ 5 (4th Dist.), citing *Illinois Controls, Inc. v. Langham*, 70 Ohio St.3d 512, 526, 639 N.E.2d 771 (1994).  "Thus, a plaintiff is not required to plead the legal theory of the case at the pleading stage and need only give

reasonable notice of the claim." *Id.*, citing *State ex rel. Harris v. Toledo*, 74 Ohio St.3d 36, 656 N.E.2d 334 (1995).

{¶13} Several Ohio appellate districts have recognized that " 'Ohio law does not require negligence per se to be pled with particularity because negligence and negligence per se are closely intertwined concepts and Ohio's Civ.R. 8 requires only notice pleading.' " *Arnett v. Mong*, 2016-Ohio-2893, 65 N.E.3d 72, ¶ 8 (12th Dist.), quoting *Base-Smith v. Lautrec, Ltd.,* 12th Dist. Butler No. CA2013-07-115, 2014-Ohio-349, ¶ 4, fn. 2; *see also Gress v. Wechter,* 6th Dist. Huron No. H-12-023, 2013-Ohio-971.  Therefore, " ' "when a plaintiff raises a negligence claim, the defendant is on notice that negligence per se may be raised, regardless of whether the statute was listed in the complaint." ' " *Williams v. AVI Food Sys., Inc.,* 8th Dist. Cuyahoga No. 109222, 2020-Ohio-5001, ¶ 13, quoting *Collier v. Libations Lounge, L.L.C.*, 8th Dist. Cuyahoga No. 97504, 2012-Ohio-2390, ¶ 24, quoting *Lone Star Steakhouse & Saloon of Ohio, Inc. v. Quaranta,* 7th Dist. Mahoning No. 01 CA 60, 2002-Ohio-1540, ¶ 42.  The Supreme Court of Ohio has repeatedly held that a "[v]iolation of the assured clear distance ahead statute constitutes negligence *per se.*" (Emphasis sic.)  *Pond v. Leslein*, 72 Ohio St. 3d 50, 53, 1995-Ohio-193, 647 N.E.2d 477, citing *Skinner v. Pennsylvania R.R. Co.*, 127 Ohio St. 69, 186 N.E. 722 (1933), syllabus; *Transp. Corp. of Indiana v. Lenox Trucking, Inc.*, 15 Ohio St.2d 1, 238 N.E.2d 539 (1968), paragraph one of the syllabus; and *Blair v. Goff–Kirby Co.*, 49 Ohio St.2d 5, 358 N.E.2d 634 (1976).

{¶14} " 'A party * * * contesting the opposing party's motion for summary

judgment must inform the trial court and the other party of the basis of his motion, so that the court and other party are on notice of all potential issues.' " (Ellipses sic.) *Miranda v. Meijer Stores Ltd. Partnership*, 2d Dist. Montgomery No. 23334, 2009-Ohio-6695, ¶ 15, quoting *Crandall v. City of Fairborn,* 2d Dist. Greene No. 2002-CA-55, 2003-Ohio-3765, ¶ 18. "[G]enerally, a plaintiff cannot enlarge their claims during the summary judgment phase of litigation and is limited to the allegations of their pleading." *Williams* at ¶ 12, citing *Karsnak v. Chess Fin. Corp.*, 8th Dist. Cuyahoga No. 97312, 2012-Ohio-1359, ¶ 48. However, where plaintiff has put a defendant on notice of a negligence per se claim by filing a general negligence claim in their complaint, courts have recognized that plaintiff may initially assert a negligence per se claim in memorandum opposing a motion for summary judgment. *See Mong* at ¶ 8*, Wechter* at ¶ 15*,* and *Williams* at ¶ 12-13.

{¶15} Similar to those cases, Kerns filed a complaint alleging a general negligence claim. Subsequently, in his memorandum contra to Hale's motion for summary judgment, Kerns asserted that Hale violated ACDA. Therefore, consistent with the aforementioned law, we find that Kerns properly raised his ACDA claim in the trial court.

2. The Trial Court's Summary Judgment is Not a Final Appealable Order

{¶16} "The Ohio Constitution limits an appellate court's jurisdiction to the review of 'final orders' of lower courts." *Dill v. Athens*, 4th Dist. Athens No. 12CA30, 2013-Ohio-5888, ¶ 6, citing Section 3(B)(2), Article IV, Ohio Constitution. Absent a final order, a court of appeals lacks subject-matter

jurisdiction over its appeal.  *CitiMortgage, Inc. v. Roznowski*, 139 Ohio St.3d 299, 2014-Ohio-1984, 11 N.E.3d 1140, ¶ 10.

{¶17} "A trial court's order is final and appealable only if it satisfies the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B)."  *McCann v. Webb*, 4th Dist. Adams No. 21CA1128, 2022-Ohio-2318, ¶ 9, citing *Denham v. New Carlisle*, 86 Ohio St.3d 594, 596, 716 N.E.2d 184 (1999), citing *Chef Italiano v. Kent State University,* 44 Ohio St.3d 86, 88, 541 N.E.2d 64 (1989).  The order must satisfy at least one of the "categories of final order set forth in R.C. 2505.02."  *Noble v. Colwell,* 44 Ohio St.3d 92, 96, 540 N.E.2d 1381, citing *General Electric Supply Co. v. Warden Electric, Inc.*, 38 Ohio St.3d 378, 528 N.E.2d 195 (1988), syllabus.

{¶18} In pertinent part, R.C. 2505.02(B)(1) provides that an order is final if it " 'affects a substantial right in an action that in effect determines the action and prevents a judgment[.]' "  *Dill* at ¶ 6.  " 'A "substantial right" for purposes of R.C. 2505.02 is a legal right enforced and protected by law.' "  *Mayberry v. Chevalier*, 2018-Ohio-781, 106 N.E.3d 89, ¶ 12 (4th Dist.), quoting *State ex rel. White v. Cuyahoga Metro. Hous. Auth.*, 79 Ohio St.3d 543, 545, 684 N.E.2d 72 (1997), citing *State ex rel. Hughes v. Celeste*, 67 Ohio St.3d 429, 430, 619 N.E.2d 412 (1993), and *Colwell* at 92.  "For an order to 'determine an action and prevent a judgment,' it 'must dispose of the whole merits of the cause or some separate and distinct branch thereof and leave nothing for the determination of the court.' "  *McCann* at ¶ 10, quoting *Turner & Son Funeral Home v. Hillsboro*, 2015-Ohio-1138, at ¶ 10, citing *Hamilton Cty. Bd. of Mental Retardation & Dev.*

*Disabilities,* 46 Ohio St.3d 147, 153, 545 N.E.2d 1260 (1989).

**{¶19}** "[I]f the case involves multiple parties or multiple claims, the court's order must [also] meet the requirements of Civ.R.54(B) to qualify as a final, appealable order." (Brackets sic.)  *McCann* at ¶ 11, citing *Chef Italiano* at ¶ 88. Civ.R. 54(B) states: "When more than one claim for relief is presented in an action * * * the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay."  However, it is important to note that "the mere incantation of the required language does not turn an otherwise non-final order into a final appealable order."  *Colwell* at 96, citing *Cooper v. Cooper*, 14 Ohio App.3d 327, 471 N.E.2d 525 (8th Dist.1984); *Douthitt v. Garrison*, 3 Ohio App. 3d 254, 444 N.E.2d 1068 (9th Dist.1981); *R & H Trucking, Inc. v. Occidental Fire & Cas. Co,* 2 Ohio App.3d 269, 441 N.E.2d 816 (10th Dist.1981).  *See also Milton Banking Co. v. Adkins*, 4th Dist. Jackson No. 19CA07, 2020-Ohio-1481, ¶ 14.

**{¶20}** Kerns' complaint included a general negligence claim.  However, in his memo contra to Hale's motion for summary judgment, Kerns specifically alleged that Hale violated his duty to keep an ACDA in the road in violation of R.C. 4511.21 when he struck Kerns.  The trial court found that there was no genuine issue of material fact that Hale was negligent under R.C. 4511.48(A)and (E), which addresses certain rights and obligations regarding vehicles and pedestrians.

**{¶21}** However, as discussed supra, Kerns properly raised an ACDA claim. ACDA "is codified at R.C. 4511.21(A)[.]" *Corfee v. Swarthout*, 7th Dist. Columbia No. 99 CO 55, 2001-Ohio-3424, * 2. It states:

> No person shall operate a motor vehicle, trackless trolley, or streetcar at a speed greater or less than is reasonable or proper, having due regard to the traffic, surface, and width of the street or highway and any other conditions, and no person shall drive any motor vehicle, trackless trolley, or streetcar in and upon any street or highway at a greater speed than will permit the person to bring it to a stop within the assured clear distance ahead.

Originally established by the Supreme Court of Ohio, courts apply the following test, which if answered affirmatively in its entirety means the driver violated the ACDA: the driver's vehicle collided with an object that (1) was ahead of him in his path of travel, (2) was stationary or moving in the same direction as the driver, (3) did not suddenly appear in the driver's path, and (4) was reasonably discernible. *Covington v. Butcher*, 2021-Ohio-1596, 171 N.E.3d 488, ¶ 19 (10th Dist.), citing *Pond v. Leslein*, 72 Ohio St.3d 50, 52, 647 N.E.2d 477 (1995).

**{¶22}** The trial court's summary judgment does not mention or discuss the ACDA, R.C. 4511.21(A), or mention any case addressing ACDA in granting Hale summary judgment. Therefore, we find that the trial court's summary judgment did not resolve Kerns' claim that Hale violated ACDA. Accordingly, we find that although the trial court's summary judgment does affect the parties' substantial rights, it does not determine the action or prevent a judgment because Kerns' ACDA claim remains unresolved. *See* R.C. 2505.02(B)(1). Therefore, the trial court's summary judgment is not a final appealable order under R.C.

2505.02(B)(1), making the trial court's inclusion of the Civ.R. 54(B) language in the summary judgment a non-sequitur in our analysis.

CONCLUSION

**{¶23}** Because the trial court's summary judgment is not a final appealable order, this court lacks jurisdiction to consider Kerns' appeal. Accordingly, we dismiss his appeal for lack of jurisdiction.

**APPEAL DISMISSED.**

## **JUDGMENT ENTRY**

It is ordered that Kerns' appeal is DISMISSED and appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. and Hess, J.:  Concur in Judgment and Opinion.


For the Court,


BY: _____
           Kristy S. Wilkin, Judge



### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**