[Cite as *State v. Boykins*, 2023-Ohio-4407.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | Case No. 22CA23 |
| Plaintiff-Appellee, | : | |
| | : | |
| v. | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| ANGELA BOYKINS, et al., | : | |
| | : | |
| Defendants-Appellants. | : | **RELEASED: 12/01/2023** |

APPEARANCES:

Gregory N. Finnerty, Finnerty Law Firm, Dublin, Ohio for Appellant, United States Fire Insurance Company.

Jeffrey C. Marks, Ross County Prosecuting Attorney, and Pamela C. Wells, Assistant Ross County Prosecutor, Chillicothe, Ohio for Appellee.

Wilkin, J.

{¶1} This is an appeal from a Ross County Court of Common Pleas judgment that denied appellant, United States Fire Insurance Company's ("USFIC"), motion to dismiss a forfeiture judgment for lack of notice. After reviewing the parties' arguments, the record, and the applicable law, we overrule USFIC's assignment of error and affirm the trial court's judgment of dismissal.

BACKGROUND

{¶2} On September 3, 2019, a grand jury indicted Angela Boykins ("Boykins") on two counts of possession of drugs in violation of R.C. 2925.11. The trial court released Boykins on a $25,000 surety bond posted by Dartangan Gilbert, who was the "[e]xecuting agent" for surety, USFIC. The case was eventually scheduled for trial on July 13, 2021. However, Boykins did not

appear.  The court revoked Boykins' bond and issued a warrant for her arrest, and scheduled a bond-forfeiture hearing for September 20, 2021.  The entry states that it was served by regular mail on Boykins' counsel and Dartangan Gilbert.  Neither Boykins, nor a representative of USFIC, appeared at the forfeiture hearing, so the court ordered judgment against USFIC forfeiting the $25,000 bond in a September 24, 2021 judgment entry.

{¶3} USFIC claims that it "became aware" of the $25,000 forfeiture judgment on September 30, 2021.  On December 17, 2021, USFIC filed a motion to dismiss the court's September judgment of forfeiture.  USFIC maintained that it had never received notice from the court of Boykins' failure to appear, or the court's judgment ordering forfeiture of the $25,000.

{¶4} The trial court scheduled a hearing to consider USFIC's motion to dismiss for May 25, 2022, which was continued at USFIC's request to June 6, 2022.  On June 9, 2022 the court issued a judgment entry finding that "the bond shall remain forfeited[,]" but ordered "a sixty (60) day stay of enforcement of this order from the date of the entry.  If after a period of the stay the defendant has not been brought before the court, the bond shall remain forfeited as previously ordered."  It is this judgment that USFIC appeals.[1]

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED WHEN IT FAILED TO SERVE
NOTICE UPON THE SURETY OF THE CRIMINAL

---

[1] We note that the record on appeal contains no transcript of any proceeding in the trial court, and counsel for USFIC completed a "Criminal Docket Statement" that provided "[a] statement of the evidence pursuant to either App.R. 9(C) or (D) is to be prepared in lieu of a transcript of the proceedings."  However, no statement of the evidence pursuant to App.R. 9 has been filed with this Court in this case.

DEFENDANT'S NON-APPEARANCE AND THAT A SHOW
CAUSE HEARING HAD BEEN SCHEDULED WHICH COULD
RESULT IN A JUDGMENT ORDERING BOND FORFEITURE

{¶5} USFIC maintains that it never received notice of Boykins' failure to appear at her trial as required by law, but admits that notice was sent to, and received by, the bail agent of record (Dartangan Gilbert).  Due to that lack of notice, USFIC did not appear for the September 20, 2021 forfeiture hearing after which the court ordered forfeiture of the $25,000 bond in the September 24, 2021 judgment.  USFIC claims that it did not learn of that judgment until September 30, 2021.  On December 17, 2021 USFIC filed a motion for the court to "reconsider the issue."  USFIC asserts that the trial court never addressed USFIC's lack of notice of the September 20, 2021 bond forfeiture hearing.  USFIC claims that the "[bonding] agent" had no authority to legally bind USFIC because the agent is an independent contractor.  USFIC maintains that serving notice on the bail bond agent (Chuck Brown II Bail Bonds) but not the surety (USFIC), deprived USFIC of due process.  Thus, USFIC maintains that this Court should reverse the trial court's entry of forfeiture.

{¶6} In response, the state maintains that USFIC needed to appeal the September 24, 2021 entry that initially ordered USFIC to pay the $25,000 bond. The state claims that this judgment was never appealed and its 30-day appeal time has expired.

{¶7} The state also argues that USFIC's December 17, 2021 motion to dismiss did not comply with Civ.R. 60(B).  Civ.R. 60(B) provides: "The procedure for obtaining any relief from a judgment shall be by motion as prescribed by

these rules." Civ. R. 60(B) requires (1) a meritorious defense (2) the party is entitled to relief under one of the grounds in Civ.R. 60(B)(1)-(5), and (3) the motion is made within a reasonable time. USFIC's December motion did not comply with these requirements, *e.g.*, USFIC never showed a meritorious defense (good cause why Boykins did not appear).

{¶8} Finally, the state admits that USFIC was not notified of the forfeiture judgment, but, after it received notice of the judgment, it waited over two months to file its motion at issue in this appeal. Further, the court then afforded USFIC a hearing and even after denying USFIC's motion to dismiss it stayed enforcement of the judgment for 60 days during which Boykin could have been produced. Thus, the state maintains that USFIC was afforded the opportunity to be heard but failed to demonstrate any prejudice.

{¶9} The state claims that a trial court's bond-forfeiture decision is reviewed under an abuse-of-discretion standard. And for all the aforementioned reasons, the state argues that the trial court did not abuse its discretion in denying USFIC's motion to dismiss.

## A. Law

### 1. Standard of Review

{¶10} A trial court's bond-forfeiture decision is reviewed using an abuse-of-discretion standard. *State v. Slider*, 2009-Ohio-4179, 919 N.E.2d 775, ¶ 10 (4th Dist.), citing *State v. Green,* 9th Dist. Wayne Nos. 02CA0014 through 02CA0019, 2002-Ohio-5769, ¶ 10. " 'An abuse of discretion is more than an error of law or judgment; it implies a decision that is unreasonable, arbitrary or

unconscionable.' " *Id.*, quoting *Akron v. Stutz*, 9th Dist. Summit App. No. 19925, 2000 WL 1636026 (Nov. 1, 2000), citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

### 2. Bond Forfeiture

**{¶11}** "Bail bonds are contracts between the surety and the state." *State v. Lott*, 2014-Ohio-3404, 17 N.E.3d 1167, ¶ 8 (1st Dist.). "The surety agrees to ensure the appearance of the defendant in court and the state agrees to release the defendant into the surety's custody. *Id.* If the defendant fails to appear, there is a breach of the condition of bond and the court may declare a forfeiture of the bond unless the surety can be exonerated as provided by law." *Id.*, citing *State v. Hughes,* 27 Ohio St.3d 19, 20, 501 N.E.2d 622 (1986).

R.C. 2937.36(C) sets out the procedure upon forfeiture:

> As to recognizances the magistrate or *clerk shall notify* the accused and *each surety* within fifteen days after the declaration of the forfeiture by ordinary mail * * * *of the default of the accused and* the adjudication of *forfeiture* and *require each of them to show cause* on or before a date certain * * * *why judgment should not be entered against each of them* for the penalty stated in the recognizance. *If good cause by production of the body of the accused or otherwise is not shown, the court or magistrate shall thereupon enter judgment against the sureties* or either of them, so notified, in such amount, not exceeding the penalty of the bond, as has been set in the adjudication of forfeiture." (Emphasis added.)

**{¶12}** "A surety may also be exonerated where performance of the conditions in the bond is rendered impossible by an act of law." *Lott*, 2014-Ohio-3404, 17 N.E.3d 1167, ¶ 8 (1st Dist.), citing *Hughes* at 21-22. "[T]he impossibility of performance must have been unforeseeable at the time the surety entered into

the contract. *Id.* at ¶ 9, citing *State v. Scherer*, 108 Ohio App.3d 586, 592-593, 671 N.E.2d 545 (2d Dist.).

**{¶13}** Finally, "unless a surety can show prejudice—i.e., that appellant could have demonstrated good cause, pursuant to R.C. 2937.36(C), had [appellant] received the statutory notice—* * * [a] trial court * * * [does] not abuse its discretion in entering judgment against the surety." *Dep't of Liquor Control v. Calvert*, 2011-Ohio-4735, 961 N.E.2d 247, ¶ 27 (6th Dist.), citing *State v. Barnes,* 6th Dist. Sandusky No. 5-10-025, 2011-Ohio-799, ¶ 30; *Toledo v. Floyd,* 2009-Ohio-5507, 923 N.E.2d 159 (6th Dist. 2009); *State v. Huffman,* 6th Dist. No. S-10-016, 2010-Ohio-5026.

### B. Analysis

**{¶14}** USFIC is correct that " '[t]he purpose of [R.C. 2937.36(C)] is to afford due process by allowing the surety to be heard prior to the forfeiture.' " *State v. McKinney*, 4th Dist. 2021-Ohio-3108, 177 N.E.3d 1022, ¶ 23 quoting *City of Univ. Heights v. Allen*, 8th Dist. Cuyahoga No. 107211, 2019-Ohio-2908, ¶ 17. The plain language of R.C. 2937.36(C) states that the "surety," in this case USFIC, must be notified of the defendant's failure to appear and forfeiture of the bond. And while the record indicates that the clerk sent notice of the forfeiture hearing to Boykins' counsel and Dartangan Gilbert, there is no indication that the clerk sent notice to USFIC.

**{¶15}** USFIC admitted that it became aware of the forfeiture judgment on September 30, 2021, several days after the court issued the forfeiture entry. Yet, USFIC waited until December 17, 2021 to intervene by filing a motion to dismiss

the forfeiture judgment. The hearing on that motion did not occur until more than six months later on June 6, 2022. And, even after denying USFIC's motion to dismiss the forfeiture judgment in a June 9, 2022 judgment, the trial court stayed enforcement of that judgment for 60 days, affording USFIC even more time to produce Boykin. Consequently, we find that USFIC was afforded more than adequate due process to respond to the forfeiture.

{¶16} Moreover, USFIC fails to assert how it was prejudiced by the lack of notice. That is, it has not asserted any good cause why it could not deliver Boykins to the court. However, even if USFIC alleged it had such good cause in the hearing before the trial court, there is no transcript of that hearing for this Court to review. "In the absence of a transcript, we must presume regularity in the trial court proceedings." *State v. Kelly*, 4th Dist. Scioto No. 14CA3637, 2014-Ohio-5840, ¶ 12, citing *Mumma v. Cooper,* 4th Dist. Washington No. 02CA11, 2003–Ohio–2507, ¶ 5. "In other words, we have 'no choice but to presume the validity of the lower court's proceedings, and affirm.' " *In re M.E.H.*, 4th Dist. Washington No. 09CA43, 2010-Ohio-2237, ¶ 16, quoting *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980). Thus, we presume that at the hearing USFIC failed to establish good cause as to why it could not produce Boykins.

{¶17} Accordingly, we find that the trial court's judgment denying USFIC's motion to dismiss the trial court's June 9, 2022 judgment of forfeiture was not unreasonable, arbitrary or unconscionable.[2]

---

[2] One of the state's arguments is that the court's September 24, 2021 entry that ordered a $25,000 forfeiture against USFIC was a final order that USFIC failed to timely appeal. Therefore,

## CONCLUSION

**{¶18}** Having concluded that the trial court did not abuse its discretion in denying USFIC's motion to dismiss the forfeiture judgment, we overrule USFIC's sole assignment of error and affirm the trial court's judgment entry.

**JUDGMENT AFFIRMED.**

---

the state argues, USFIC's appeal should be dismissed because it was not appealed within the 30 days as required by App.R. 4. We disagree because the September 24, 2021 judgment was not final appealable judgment.

One of the requirements for a final appealable order is that it " 'leave nothing for the determination of the court.' "  *Kerns v. Hale*, 4th Dist. Scioto No. 21CA3970, 2023-Ohio-1175, ¶ 18, 212 N.E.3d 451, quoting *McCann v. Webb*, 4th Dist. Adams No. 21CA1128, 2022-Ohio-2318, ¶ 10, quoting *Turner & Son Funeral Home v. Hillsboro*, 2015-Ohio-1138, 28 N.E.3d 1279, at ¶ 10. While the September judgment entry ordered USFIC to pay $25,000, the judgment entry concluded: "All until further order of the court" and nowhere stated that it was a final order. Therefore, we find that the September 24, 2021 was not a final appealable order as the state argues because its language anticipated further action.

USFIC filed a motion with the court to dismiss that judgment, which the court denied in the June 6, 2022 judgment. That judgment stated that the "bond shall remain forfeited[,]" and subject to a 60-day stay during which Boykins could be brought before the court. We find once that 60-day stay expired that judgment became final. It is that judgment that USFIC timely appealed to this Court herein.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. and Abele, P.:  Concur in Judgment and Opinion.

For the Court,


BY: _____
Kristy S. Wilkin, Judge


**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**